IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-00802-BNB


DAQUAN LAMEL DONALDSON,

        Plaintiff,

v.

DR. GUPTA,

        Defendant.

---

## ORDER OF DISMISSAL

---

        Plaintiff, Daquan Lamel Donaldson, is in the custody of the United States Bureau

of Prisons and currently is incarcerated at the Federal Correctional Institution in Terre

Haute, Indiana.  On March 22, 2013, Plaintiff, acting *pro se*, initiated this action by filing

a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.

        Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Prisoner

Complaint because Plaintiff is a prisoner and he is seeking redress from officers or

employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to

dismiss the Prisoner Complaint if it is frivolous.  A legally frivolous claim is one in which

the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts

facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S.

319, 324 (1989).  For the reasons stated below, the Court will dismiss the Prisoner Complaint as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

Plaintiff asserts that in 2008 he was involved in an altercation at the U.S. Penitentiary in Coleman, Florida, which resulted in a head injury.  Plaintiff further asserts that when he shakes his head it still hurts.  Plaintiff believes that the pain would go away if he received proper treatment but will worsen if he does not receive a CT Scan.  Plaintiff also asserts that in June 2011, while he was housed in Colorado, he wrote a medical request to Dr. Gupta asking for a CT Scan, which Dr. Gupta denied. Plaintiff further asserts that Dr. Gupta did not examine him and told him in a written response that his condition did not merit a CT Scan because a scan is only necessary in very acute medical cases.  Finally, Plaintiff asserts that he continues to address his head injury with the medical staff where he now is housed in Indiana.

Based on these allegations, Plaintiff concludes that Dr. Gupta was deliberately indifferent to his medical needs by refusing to examine him and order a CT Scan and, as a result, Plaintiff continues to endure pain in his head and is in danger of incurring a

2

more serious injury.

The allegations presented do not state a cognizable Eighth Amendment claim against Dr. Grupta.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (stating that cruel and unusual punishment involves more than ordinary lack of due care for a prisoner's interests and safety).  To establish liability under the Eighth Amendment, Plaintiff must show, in part, that Dr. Grupta acted with deliberate indifference to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

Plaintiff's claims are conclusory and vague.  Plaintiff does not assert any other symptoms besides the pain he incurs when he shakes his head.  Furthermore, Plaintiff does not state why Dr. Grupta needed to conduct a physical examination to determine if a CT Scan was necessary.  Nothing Plaintiff asserts indicates that Dr. Grupta knew that Plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures.  Also, Plaintiff no longer is housed in Colorado and concedes that he is addressing the head injury issue with the medical staff where he currently is housed in Indiana.

Furthermore, Plaintiff's disagreement with Dr. Gupta's refusal of a CT Scan does not rise to the level of a constitutional violation.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (a disagreement regarding treatment is not sufficient to maintain a deliberate indifference cruel and unusual punishment claim).  Whether a course of treatment is appropriate "is a classic example of a matter for medical judgment," that is insufficient to

3

sustain a claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 107 (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation).  *See also Perkins v. Kansas Dep't Corrs.*, 165 F .3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation."); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("a difference of opinion does not support a claim of cruel and unusual punishment") (citations omitted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician . . . is . . . insufficient to establish a constitutional violation.") (citations omitted).  Plaintiff's claims, therefore, will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  20th  day of  June  , 2013.

4

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court